514 P.2d 55

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Marion Wayne O'DELL, a/k/a Gene Allen Hollinger, Defendant-Appellant.**

**No. 1170.**

Court of Appeals of New Mexico.

Aug. 22, 1973.

James E. Snipes, Sanders, Snipes & Templeman, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Leila Andrews, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

On May 11, 1972, a grocery store in Lovington, New Mexico, was robbed. The

police arrived quickly and pursued the vehicle in which the robber had fled. Shots were exchanged before the occupants of the vehicle were apprehended. Defendant was not the person who entered the store; he was, however, one of the occupants of the vehicle fleeing from the scene.

 Defendant was charged and convicted of armed robbery as an accessory, see §§ 40A–16–2 and 40A–1–14, N.M.S.A. 1953 (2d Repl. Vol. 6), and of assault with intent to commit a violent felony upon a peace officer, see § 40A–22–22, N.M.S.A. 1953 (2d Repl. Vol. 6). He raises five points for reversal. Point One alleges error in the admission of in-court identifications of defendant since he was not afforded a pretrial lineup. Defendant never requested a pretrial lineup; nor did he object to the identification testimony. Points Three and Four relate to the admission of certain evidence to which no objection was taken. In Point Five defendant complains that the court failed to instruct the jury on certain matters. However, defendant tendered no requested instructions covering those matters. Each of these four points are raised here for the first time and, under § 21–2–1(20), N.M.S.A.1953 (Repl. Vol. 4), are not before us for review.

Point Two challenges the sufficiency of the evidence to support the armed robbery conviction. In addition, defendant asserts all of the errors alleged amount to fundamental error. We consider these contentions.

Defendant and the robber were passengers in the car being pursued by the police. This car came to a stop, defendant got out and fired three shots at the police car. These facts are established by direct evidence.

Defendant was convicted of armed robbery on the theory of aiding and abetting that crime. Evidence of aiding and abetting is as broad and varied as are the means of communicating thought from one individual to another. Defendant's view is that there is no evidence that he knew of the robbery until after its commission and,

thus, could not have been an aider and abetter. Shooting at the pursuing police car is evidence that defendant approved the robbery and shared the robber's criminal intent. The evidence is sufficient to sustain the armed robbery convictions. See State v. Martinez, 85 N.M. 198, 510 P.2d 916 (Ct.App.1973) and cases therein cited.

The evidence being sufficient to sustain the armed robbery conviction and the evidence of the assault on the police officer not being challenged, there is no basis for the claim of fundamental error. See State v. Sedillo, 81 N.M. 47, 462 P.2d 632 (Ct. App.1969).

The judgment and sentence is affirmed. It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.