526 P.2d 188

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Rudy Jesus DURAN, Defendant-Appellant.**

No. 1445.

Court of Appeals of New Mexico.

Aug. 14, 1974.

Certiorari Denied Sept. 4, 1974.

Scott McCarty, William H. Carpenter, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Rudy Duran and Sadie Peralta were convicted of larceny of money exceeding $100.00 but less than $2,500.00. Section 40A–16–1, N.M.S.A.1953 (2d Repl. Vol. 6). Duran appeals, claiming his conviction is not supported by substantial evidence.

The larceny was a "till tap"; the money was taken from the cash drawer of a motel on North 4th Street in Albuquerque. The evidence is that Sadie Peralta took the money. Duran's conviction is on the basis that he was an aider and abettor.

Duran was outside the motel holding Peralta's baby. After leaving the motel Peralta went up to Duran. With Duran holding the baby, the two started walking east on McKnight Street. Between Third and Second Streets on McKnight, the manager of the motel came up to Peralta and Duran, told them to go back to the motel and to give back "what you stole." They replied, "[A]re you crazy?" and started walking faster. The manager also testified they responded: "No, we didn't take nothing." The manager followed them in his car. Peralta and Duran continued east on McKnight to Second Street, south on Second Street to Haines and west on Haines to Third Street. At this point, Duran handed the baby to Peralta and started running north on Third Street. As to flight as evidence of guilt, see State v. Gonzales, 82 N.M. 388, 482 P.2d 252 (Ct. App.1971). Both Peralta and Duran were apprehended a short time later.

Money taken from the motel included tens and twenties. No money was found on Peralta. When apprehended, Duran pulled out four "crumpled up" twenties from his right front pocket. Duran explained that he had just cashed a check at a supermarket located at Rio Grande Boulevard and Indian School Road. This was not in the vicinity of the motel. When booked, more "crumpled up" bills were found in his right front pocket.

After being apprehended, Peralta and Duran were brought back to the motel.

They denied knowing one another, yet both gave officers the same address and a photograph of Peralta's child was in Duran's wallet.

 To be an aider and abettor one must share the criminal intent of the principal; there must be a community of purpose in the unlawful undertaking. Aiding and abetting may be shown by evidence of acts, conduct, words, signs or any means sufficient to incite, encourage or instigate commission of the offense. State v. Atwood, 83 N.M. 416, 492 P.2d 1279 (Ct. App.1971).

The evidence set forth above is evidence that Duran aided and abetted Peralta's larceny. Duran asserts this evidence is insufficient because it is circumstantial. According to Duran, the evidence is not inconsistent with a reasonable hypothesis of innocence. See State v. Atwood, supra.

Defendant's claim is that we should determine, as a matter of law, that the circumstantial evidence is inconsistent with a reasonable hypothesis of innocence. The claim mistakes the basis for appellate review of circumstantial evidence.

Where, as here, the evidence is circumstantial, a defendant is entitled to an instruction informing the jury how they are to consider circumstantial evidence. State v. Walker, 54 N.M. 302, 223 P.2d 943 (1950). Such an instruction was given. The instruction appears to have been taken from the instruction quoted in State v. Garcia, 61 N.M. 291, 299 P.2d 467 (1956). See also, State v. Reed, 55 N.M. 231, 230 P.2d 966 (1951), cert. denied 342 U.S. 932, 72 S.Ct. 374, 96 L.Ed. 694 (1952); State v. Johnson, 37 N.M. 280, 21 P.2d 813, 89 A.L. R. 1368 (1933). The instruction given, states in part:

> " * * * And if these facts and circumstances are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such evidence is sufficient to authorize the jury in finding a verdict of guilty. But you are instructed that before you would be authorized to find a verdict of guilty against

the defendant where the evidence is circumstantial, the facts and circumstances shown in evidence must be incompatible upon any reasonable hypothesis with the innocence of the defendant and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the defendant."

The jury was instructed not to convict if the evidence was incompatible with a reasonable hypothesis of innocence. By its verdict, the jury determined there was no reasonable hypothesis other than the guilt of defendant.

The jury verdict having determined Duran's "reasonable hypothesis" claim, the appellate issue is simply whether the evidence of guilt, although circumstantial, is substantial. State v. Urban, 86 N.M. 351, 524 P.2d 523 (Ct.App.1974) and cases therein cited.

The circumstantial evidence, set forth above, is substantial evidence that Duran aided and abetted Peralta's larceny.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.