547 P.2d 69
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John Franklin BURRELL, Defendant-Appellant.**

**No. 2270.**

Court of Appeals of New Mexico.

Feb. 24, 1976.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, John Zavitz, Asst. App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of two counts of trafficking in a controlled substance, defendant appeals. Section 54–11–20, N.M.S.A.1953

(Repl.Vol. 8, pt. 2, Supp.1975). The issues involve: (1) sufficiency of the evidence; (2) cross-examination; (3) defendant's absence from trial; (4) impartial hearing on defendant's competency; (5) consecutive sentences; and (6) cumulative error.

*Sufficiency of the Evidence*

■ The controlled substance was identified as Dilaudid Hydrochloride (Hydromorphone). This is a derivative of morphine. There is evidence that defendant sold one vial which purported to be this substance to McNamara. Subsequently, but at the same meeting, defendant sold four vials of this substance to Detective Garcia. Three of the four vials were tested. The evidence is that the tested vials contained the controlled substance.

The issue under this point goes to the sale to McNamara. The evidence is that ·the contents of the vial sold to McNamara were used prior to the sale to Garcia. The contents were used by McNamara and two other persons who injected the substance into their veins. There having been no analysis of the contents of this vial, there is no direct evidence that the vial contained a controlled substance.

The evidence that the vial contained a controlled substance is circumstantial. Defendant asserts the circumstantial evidence was insufficient. In support of this contention, defendant points out that Garcia could not say that the contents of the vial were a controlled substance and that Garcia did testify that the three persons who injected the contents had "no visible reactions".

There was other evidence however. Garcia arranged to meet with McNamara for the purpose of purchasing the morphine derivative. After the two met, McNamara received a telephone call and informed Garcia that John, (defendant) was en route "with the morphine". Defendant arrived fifteen minutes later. McNamara asked defendant if he had brought any morphine; defendant stated that he had brought five vials. At that point McNamara purchased a single vial. This vial was sealed and contained a yellowish liquid. The vial was labeled dilaudid HCL. When the contents of this vial were injected, defendant helped get all the contents of the vial into the syringe.

Garcia compared the vials he purchased with the one purchased by McNamara. "There was no difference, they were the same liquid, yellowish colored liquid in them." The labels on the vials were compared; they showed the same manufacturer and named the same substance. Defendant stated he had injected the contents of a vial several hours before and was still feeling the effects. One of the users of the contents of the vial sold to McNamara rubbed the back of his neck and stated he had a "tingly feeling". Defendant took the five vials he sold from the same pocket.

The issue is whether the circumstantial evidence was sufficient to present an issue for the jury to decide. *State v. Duran*, 86 N.M. 594, 526 P.2d 188 (Ct.App.1974). The foregoing evidence raised a jury question as to whether the contents of the vial sold to McNamara were a controlled substance. That evidence is substantial and sufficient to sustain the conviction. *United States v. Honneus*, 508 F.2d 566 (1st Cir. 1974); *United States v. Lawson*, 507 F.2d 433 (7th Cir. 1974).

*Cross-Examination*

■ After the redirect examination of Garcia in the State's case-in-chief, defendant's attempt to examine Garcia on recross was abruptly denied by the trial court and a recess was declared. We do not condone the abrupt denial of recross since new matters were brought out on redirect examination. Defendant contends this denied him the right of confrontation because defendant was unable to test Garcia's credibility by examining Garcia on the new matters brought out in the redirect examination. However, immediately after the recess, defendant did not tender any evidence and did not inform the court of a desire to test credibility at that point in the trial.

Garcia was called as a rebuttal witness by the State. During cross-examination, defendant asked and Garcia admitted knowing five persons named by defendant. The prosecutor then objected, stating: "I will stipulate that he [Garcia] knows them all in an undercover capacity but I don't see the relevance to this case." Defendant stated the relevance was that Garcia used McNamara "to make buys with all of those persons". The trial court ruled this would be irrelevant. Defendant contends the fact that Garcia had used McNamara to make "drug buys" was relevant to support defendant's credibility and would have tended to impeach Garcia's credibility.

Defendant's contentions concerning both cross-examination rulings are directed toward credibility. No such contention was presented to the trial court until after the jury had begun its deliberations. The claim is spurious because the issue was not timely raised and at no time did defendant tender any evidence on the subject of defendant's or Garcia's credibility. Compare, *State v. Santillanes*, 86 N.M. 627, 526 P.2d 424 (Ct.App.1974); *State v. Wesson*, 83 N.M. 480, 493 P.2d 965 (Ct.App.1972).

*Defendant's Absence From Trial*

■ Rule of Criminal Procedure 47(b) provides that a defendant shall be considered to have waived his right to be present at his trial if he voluntarily absents himself after the trial has commenced.

The record shows that after a noon recess, the defendant was absent. The trial court proposed to proceed with trial. The State had no objection. Defendant's counsel stated: "I stand mute on this issue". Later, defendant's counsel stated he did not know where the defendant was.

Defendant contends that continuation of the trial in his absence was error because the trial court did not conduct an inquiry into the reason for his absence. The issue is spurious because no such contention was raised in the trial court. Appellate Rule 11. On the merits see *State v. Corriz*, 86 N.M. 246, 522 P.2d 793 (1974).

*Impartial Hearing on Defendant's Competency*

■ No claim of incompetency was made in connection with the trial in this case. Prior to sentencing in this case, the trial court conducted a hearing as to defendant's competency to stand trial in a separate case. The trial court ruled that defendant was competent to stand trial in the separate case. It then sentenced defendant in this case.

Defendant contends the trial court denied defendant an impartial hearing as to his competence. He complains of the trial court's questioning of a witness, various evidentiary rulings by the trial court, the trial court's evaluation of the credibility of a medical witness and the trial court stating its observations of defendant in two criminal trials. There was no objection to any of these items at the competency hearing. The combination of these items do not show that defendant was denied an impartial competency hearing. Compare, *State v. Pacheco*, 85 N.M. 778, 517 P.2d 1304 (Ct.App.1973).

The record shows that even after the competency hearing no question of defendant's competency was ever raised in this case. The issue is spurious because never raised. See *State v. Bius,* 85 N.M. 98, 509 P.2d 573 (Ct.App.1973).

*Consecutive Sentences*

Defendant was sentenced for two second degree felonies. The sentences were to be served consecutively. In addition, the sentences were to be served consecutive to a prior sentence.

■ Whether the sentences were to be served consecutively or concurrently was within the trial court's discretion. *State v. Deats,* 82 N.M. 711, 487 P.2d 139 (Ct.App.1971). Defendant contends the consecutive sentences were an abuse of discretion. The various arguments made by defendant do not show the trial court abused its discretion.

■ Defendant also asserts the consecutive sentences violated legislative intent in

that § 54–11–20, supra, did not intend a separate conviction "upon each sale in a continuing unit of conduct." In the alternative, defendant argues the legislative intent is unclear. There is no ambiguity in the statute; the sale of "any" controlled substance is prohibited. The evidence shows sales to two separate people. There were two offenses. Section 54–11–20, supra, does not show a legislative intent that there was to be only one punishment for the two sales.

*Cumulative Error*

Defendant claims that asserted errors discussed in prior points, together with other irregularities, entitle him to a new trial under the cumulative error doctrine. There was no error under the prior points; the irregularities claimed do not amount to cumulative error. *State v. McCallum*, 87 N.M. 459, 535 P.2d 1085 (Ct.App.1975).

Oral argument is unnecessary. The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.