612 P.2d 1341
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jerry SALAZAR, Defendant-Appellant.**

**No. 4305.**

Court of Appeals of New Mexico.

April 29, 1980.

Rehearing Denied May 19, 1980.

Writ of Certiorari Denied May 27, 1980.

John B. Bigelow, Chief Public Defender, Santa Fe, Mark H. Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

■ Convicted of kidnapping contrary to § 30–4–1, N.M.S.A.1978, criminal sexual penetration in the second degree contrary to § 30–9–11(B), N.M.S.A.1978, and criminal sexual penetration in the third degree contrary to § 30–9–11(C), N.M.S.A.1978, defendant appeals. He contends that he was denied effective assistance of counsel, that the trial judge should have recused himself and that we should remand for an evidentiary hearing. Issues raised in the docketing statement, but not briefed, are deemed abandoned. *State v. Gallegos*, 92 N.M. 336, 587 P.2d 1347 (Ct.App.1978).

We affirm.

Defendant's original counsel was told by the defendant that "he committed the crimes, but steadfastly maintained his right to take the stand in his defense and deny that he committed the crime." After learning this and being unable to convince his client that he should not perjure himself, counsel made an oral motion to withdraw from the case. The trial court denied this motion, but granted defendant a stay of the proceedings to enable him to pursue a writ on the matter to the Supreme Court. The Supreme Court ordered the trial judge to allow counsel to withdraw.

Defendant's new counsel made an alternative motion for the trial judge to either disqualify himself or to allow counsel to be apprised of the reasons underlying original counsel's withdrawal from this matter. Later, prior to sentencing, the defendant once more moved to have the trial judge recuse himself from sentencing, based on the fact that the trial court had been exposed to confidential communications between original counsel and the defendant. It is from the denial of these motions that defendant appeals.

The defendant contends that the trial court's order barring the original counsel from disclosing the confidences of the defendant served to deprive the defendant of effective assistance of counsel. Defendant argues that the trial attorney should be fully informed of all facts concerning the matter which he is handling. The defend-ant cites *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), in support for the proposition that the trial court's actions have denied the defendant effective assistance of counsel.

■ *Geders* is not on point. In *Geders*, the trial court barred the *defendant* from communicating with his counsel during an overnight recess. The Supreme Court held that to deny the defendant his right to communicate with counsel served to effectively deny him of his Sixth Amendment right to effective assistance of counsel. In the instant case, the court did not bar the defendant from communicating with his attorney, but only prevented the original attorney from disclosing confidential information acquired as a result of the attorney-client relationship.

We see no merit in defendant's contentions. Defendant was not denied effective assistance of counsel. Certainly, the trial was not a farce, sham or mockery as pointed out in *State v. Trivitt*, 89 N.M. 162, 548 P.2d 442 (1976). Defendant's argument that the trial court's action placed a barrier to communication between defendant and his attorney, under the facts of this case, is frivolous. Defendant was free at *all* times to converse with his attorney. The trial court did not interfere with any of their communication.

■ Defendant next contends that the trial judge should have recused himself, alleging that by sitting on the case, the trial judge contributed to defendant's unwillingness to communicate with counsel. Defendant states, "[w]hatever questions Mr. Salazar might have had about the scope of the court's ban on telling . . . [trial counsel] about the . . . [original counsel] withdrawal must have been dispelled when Mr. Salazar realized that anything he told his new lawyer might get to the judge who would preside over his case and sentence him." This is totally frivolous. If nothing more, the action of original counsel should have told defendant that his counsel would not be a party to perjury.

**532**

In *Gerety v. Demers*, 92 N.M. 396, 589 P.2d 180 (1978), the Supreme Court stated that a judge may only disqualify himself where there is a "compelling constitutional, statutory or ethical cause for so doing." It went on to state:

> Recusal should be used only for the most compelling reasons. *Nelson v. Fitzgerald*, 403 P.2d 677 (Alaska 1965). A judge "has a duty to *sit* where *not disqualified* which is equally as strong as the duty to *not sit* where *disqualified*." *Laird v. Tatum*, 409 U.S. 824, 837, 93 S.Ct. 7, 15, 34 L.Ed.2d 50 (1972).

The trial judge specifically told defendant that the facts disclosed would in no way cause any bias or prejudice. This was typified by the sentence given the defendant for the commission of a very serious offense. The trial judge sentenced him to the minimum and maximum on each count and ordered that the sentences run concurrently. *See State v. Burrell*, 89 N.M. 64, 547 P.2d 69 (Ct.App.1976); *State v. Hovey*, 87 N.M. 398, 534 P.2d 777 (Ct.App.1975).

Under the policy considerations announced in *Gerety, supra*, there can be little doubt that the trial court's actions in sitting in the case were proper.

Both points of defendant being without merit, we need not discuss his request for remand.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.