798 P.2d 206
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Manuel RUBIO, Defendant–Appellant.**

No. 11,597.

Court of Appeals of New Mexico.

Aug. 9, 1990.

Certiorari Denied Sept. 18, 1990.

606

Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

William Ivry, Santa Fe, for defendant-appellant.

OPINION

FRANK H. ALLEN, Jr., District Judge.

Defendant appeals his convictions on two counts of cocaine possession. He

raised two issues in his docketing statement: (1) the sufficiency of the evidence supporting the convictions; and (2) whether he was denied effective assistance of counsel. Defendant has moved in his brief-in-chief to amend the docketing statement to include a third issue: whether the trial court erred in not giving a cautionary instruction concerning the testimony of defendant's accomplice. *See* SCRA 1986, 14–5015. We deny the motion to amend, since the issue sought to be added is without merit. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App.1983). The Use Note to Rule 14–5015 provides that no instruction is to be given concerning the testimony of an accomplice. *State v. Turner,* 97 N.M. 575, 642 P.2d 178 (Ct.App.1981). Nor did defendant request such an instruction from the trial court. *See State v. O'Dell,* 85 N.M. 536, 514 P.2d 55 (Ct.App.1973) (alleged error in failing to instruct jury not considered on appeal when defendant failed to tender requested instruction concerning the matter). We affirm.

FACTS.

The Carlsbad Police Department obtained a wiretap on the telephone of Jesse Askew, a suspected drug trafficker. Police intercepted conversations between defendant and Askew on April 14 and 19, 1988. No mention was made of drugs in these conversations; however, Askew and defendant arranged to meet after each call. On both occasions, officers followed Askew to the meeting places designated in the telephone conversations. Although defendant and Askew were observed together on both dates, officers did not see any drugs or money change hands.

Askew was arrested on April 26, 1988, and charged with two counts each of trafficking cocaine and conspiracy to traffic cocaine, and one count of racketeering. As part of a plea agreement, Askew agreed to provide names and testimony concerning other suspects involved in, drug dealing. The state agreed to recommend a lesser sentence for Askew for his cooperation. As a result of this plea agreement, Askew named defendant as the person to whom he had sold one-eighth of an ounce of cocaine

on April 14th and 19th during the meetings that the police had observed.

SUFFICIENCY OF THE EVIDENCE.

Defendant contends that there was insufficient evidence presented to the jury to prove that defendant had cocaine in his possession on the dates in question. Defendant essentially argues (1) that Askew was not qualified to testify that the substance was cocaine because he was not an expert, and (2) that there was insufficient evidence from which the jury could infer that the transferred substance was cocaine.

At trial, defendant made no objection to Askew's testimony concerning the identity of the substance. Contentions made for the first time on appeal concerning the admissibility of testimony not objected to will not be considered. *State v. Duran,* 83 N.M. 700, 496 P.2d 1096 (Ct. App.1972). Even if we consider this argument, we find it to be without merit. Lay opinion concerning the identification of marijuana is admissible, and the qualifications of the witness go to weight and not admissibility. *State v. Dobbs,* 100 N.M. 60, 665 P.2d 1151 (Ct.App.1983); *State v. Cortez,* 99 N.M. 727, 663 P.2d 703 (Ct.App. 1982), *rev'd on other grounds,* 100 N.M. 158, 667 P.2d 963 (1983). Askew's experience as a successful cocaine dealer qualified him to give his opinion that the substance was cocaine. *See United States v. Eakes,* 783 F.2d 499 (5th Cir.), *cert. denied,* 477 U.S. 906, 106 S.Ct. 3277, 91 L.Ed.2d 567 (1986); *United States v. Harrell,* 737 F.2d 971 (11th Cir.1984), *cert. denied,* 470 U.S. 1027, 105 S.Ct. 1392, 84 L.Ed.2d 781 (1985) (identification of a controlled substance does not require direct evidence if available circumstantial evidence establishes identity beyond a reasonable doubt). The jury was entitled to consider Askew's identification of the substance and give it whatever weight it deemed appropriate.

Defendant cites *State v. Benavidez,* 71 N.M. 19, 375 P.2d 333 (1962), for the proposition that expert testimony is necessary to identify illegal drugs. In *Benavidez,* an expert was called upon to analyze a minute particle of substance believed to be canna-

bis. The court held that this was a matter requiring expert opinion "because '[t]his is not a case dealing with a full plant, or stems or leaves therefrom, which even some laymen may be able to identify by sight, taste or smell.'" *Id.* at 23, 375 P.2d at 336. *Cf. State v. Armijo,* 90 N.M. 10, 558 P.2d 1149 (Ct.App.1976) (defendant was convicted of trafficking in heroin where there was no direct scientific evidence that the substance involved was heroin).

■■■ Having decided that expert testimony is not required to establish that Askew sold cocaine to defendant, the question becomes whether the evidence presented was sufficient for that purpose. In reviewing for sufficiency of the evidence, this court views the evidence in the light most favorable to the state, resolving all conflicts and indulging all inferences in favor of the verdict. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). The evidence may be circumstantial as well as direct. *State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984). This court does not reweigh the evidence and any conflicts are to be resolved by the jury. *State v. Lankford.*

■■■ In deciding whether the evidence was sufficient to show the substance in this case was cocaine, we may consider such circumstances as the appearance and packaging of the substance, its price, the manner of its use, and its effect on the user. *State v. Armijo; State v. Burrell,* 89 N.M. 64, 547 P.2d 69 (Ct.App.1976). We may also look at the secretive nature of the transaction and the fact that the seller has successfully sold the substance as cocaine before. *See generally United States v. Eakes* (fact that various conspirators successfully imported and sold substance three times indicates that they dealt with cocaine and not a counterfeit product); *United States v. Dolan,* 544 F.2d 1219 (4th Cir.1976) (circumstantial evidence sufficient to establish substance involved in alleged narcotics transaction may include evidence that transactions involving substance were carried on with secrecy or deviousness); *State v. Watson,* 231 Neb. 507, 437 N.W.2d 142 (1989) (containing a thorough review of the case law on the use of circumstantial evidence to establish the identity of a controlled substance). The identity of a controlled substance may further be established by persons having lay experience with the drug through prior use, trading, or law enforcement. *United States v. Harrell.* When there is sufficient circumstantial evidence of the foregoing kind, it is unnecessary that a user familiar with the drug testify as to having sampled it. *See id.*

■■■ In this case, there is ample circumstantial evidence supporting the jury's finding that the substance transferred from Askew to defendant was cocaine. In addition to Askew's testimony that the substance was cocaine, there was evidence of the secretive manner in which the transaction was arranged. Askew testified that he asked defendant not to mention cocaine on the telephone, but rather to say simply that he needed to meet with Askew. The price for the substance ranged from $200 to $225 for one-eighth of an ounce. Askew testified that the substance dissolved clearly in water. He also stated that defendant kept coming back for more of the substance. Finally, there was evidence that Askew had successfully been engaged in the business of selling cocaine for about one year, and had fifteen to twenty regular customers. *See United States v. Eakes.*

## INEFFECTIVE ASSISTANCE OF COUNSEL.

■■■ Defendant contends he was denied effective assistance of counsel, citing several instances of claimed incompetence at trial and sentencing. An accused is entitled to effective representation of counsel. *State v. Dean,* 105 N.M. 5, 727 P.2d 944 (Ct.App.1986); N.M. Const. art. II, § 14. The test for determining whether an accused has been afforded effective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent defense attorney. *State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). Defendant bears the burden of proving both the incompetence of his attorney and proof of prejudice. *Id.* The test for judging an incompetency claim is whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington,*

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Taylor*, 107 N.M. 66, 752 P.2d 781 (1988), *overruled on other grounds, Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 779 P.2d 99 (1989). There must be a reasonable probability that but for counsel's incompetence, the result of the proceeding would have been different. *Id.*

We find no evidence of ineffective assistance of counsel. Defendant complains of his trial counsel's failure to object to Askew's "expert" identification of the substance as cocaine. We reject this claim, inasmuch as we have already determined that Askew could properly testify concerning the substance's identity because of his lay experience. *See State v. Cortez.* Nor did counsel commit any error in failing to tender an instruction on the testimony of an accomplice. Such instructions are not to be given. *State v. Turner.*

Defendant also contended his trial counsel was ineffective at his sentencing hearing. Many of his alleged claims of ineffective assistance are not of record, because this matter was not presented to the trial court. Under these circumstances, we deny defendant relief on direct appeal. *See generally State v. Stenz*, 109 N.M. 536, 787 P.2d 455 (Ct.App.1990); *State v. Tsethlikai*, 109 N.M. 371, 785 P.2d 282 (Ct.App.1989); *State v. Crislip*, 109 N.M. 351, 358, 785 P.2d 262, 269 (Ct.App. 1989) (Hartz, J., specially concurring) (indicating when and how defendants alleging ineffective assistance need to make a record in the trial court before the claim can be reviewed on appeal). Therefore, we deny defendant relief on this claim on direct appeal.

CONCLUSION.

We affirm defendant's conviction and sentence.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.