This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                              No. 34,200

SALLY LUCERO,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
John A. Dean, Jr., District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

BUSTAMANTE, Judge.

{1}     Defendant appeals from the district court's order revoking her probation and remanding Defendant to custody. In her docketing statement, Defendant raised three challenges to the revocation of her probation: (1) the district court erred in determining that she willfully possessed marijuana; (2) the district court erred in determining Defendant had been provided with adequate notice in the motion to revoke probation that her constructive possession of a hollowed-out storage book could constitute a violation of her probation; and (3) the district court erred in determining that Defendant willfully committed a substantial and material violation of her probation by having a single unopened bottle of beer in the living room of her home. This Court issued a calendar notice proposing to affirm on each of these argued grounds for reversal. Defendant has filed a memorandum in opposition, in which she withdraws Issue 2 from consideration on the merits. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 ( recognizing that, because "the memorandum in opposition to the . . . calendar notice did not contest our proposed [disposition,] the issue is abandoned"). We have therefore limited our analysis accordingly. Having given due consideration to Defendant's memorandum in opposition with respect to Issues 1 and 3, we affirm the district court's revocation of Defendant's probation.

**{2}**     In this Court's calendar notice, we proposed to conclude that the presence of a hollowed-out storage book containing what the officer testified was marijuana residue and an unopened bottle of beer in Defendant's living room, were sufficient to support violations of Conditions 9 and 15 of her probation. [RP 97 (Condition 9: "I will not buy, sell, consume, possess or distribute any controlled substances or illegal synthetic substances except those legally prescribed for my use by a State Certified Medical Doctor. I will also provide urine or breath test specimens for laboratory analysis upon request of the Probation and Parole division."); id. (Condition 15: "I shall not possess, use or consume any alcoholic beverages and will not at any time enter what is commonly known as a bar or lounge where alcoholic beverages are served or sold for consumption on the premises.")]

**{3}**     In response, Defendant contends that the record is void of absolutely any facts that suggest Defendant knew that there was marijuana residue in the hollowed-out storage box. [MIO 4] Defendant cites to *State v. Reed*, 1998-NMSC-030, 125 N.M. 522, 964 P.2d 113, in support of her argument. In *Reed*, the New Mexico Supreme Court held that the State had failed to present sufficient evidence that the defendant knew that he was in possession of trace amounts of cocaine. We note, however, that in so holding, the Court relied, in part, on the fact that the trace evidence of cocaine was not apparent to the human eye. *Id.* ¶ 16. Conversely, here, the drug residue was

clearly visible and was found on the night stand in Defendant's bedroom. When these facts are coupled with the different standard of proof applicable in this case (reasonable certainty), as compared to *Reed* (beyond a reasonable doubt), we are unpersuaded that *Reed* requires reversal in the present case. *See State v. Green*, 2015-NMCA-007 ¶ 22, 341 P.3d 10 ("Proof of a probation violation need not be established beyond a reasonable doubt. Instead, the evidentiary standard is that the violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation.").

{4}    Moreover, we note that to the extent Defendant continues to assert that the residue was never tested to confirm that it was, in fact, marijuana, we note that lay opinion concerning the identification of marijuana is admissible, and any challenges regarding such testimony are a matter of weight. *See State v. Rubio*, 1990-NMCA-090, ¶ 5, 110 N.M. 605, 798 P.2d 206 ("Lay opinion concerning the identification of marijuana is admissible, and the qualifications of the witness go to weight and not admissibility."); *State v. Gerald B.*, 2006-NMCA-022, ¶ 23, 139 N.M. 113, 129 P.3d 149 ("Officer[]'s many years of experience in narcotics and drug investigations qualified him to give his opinion that the substance was marijuana."). This Court will not reweigh evidence or testimony before the district court. *See State*

*v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051 ("This Court does not weigh the evidence and may not substitute its judgment for that of the trial court.").

{5}      Defendant also contends that a single, unopened bottle of beer in a shared space of a home does not constitute possession. Defendant cites to *State v. Brietag*, 1989-NMCA-019, 108 N.M. 368, 772 P.2d 898, and *State v. Maes*, 2007-NMCA-089, 142 N.M. 276, 164 P.3d 975, in support of her argument. However, we conclude that *Brietag* and *Maes* do not require reversal in the present case.

{6}      Again, we note that the burden of proof in *Brietag* and *Maes* was beyond a reasonable doubt, while the standard in the present case is a reasonable certainty. Moreover, we note that, unlike in *Brietag*, Defendant was present when officers arrived. Thus, it can be inferred that Defendant knew of the alcohol where she was present and the bottle of beer was located in a common area—here, the living room—where Defendant could easily see it. *See Maes*, 2007-NMCA-089, ¶ 17 ("[I]f the police had discovered significant amounts of clearly identifiable illegal drugs out in the open in a common area of the house at the time of the search, the defendant's presence at the time of the search would tend to strengthen an inference of the defendant's knowledge of the drugs."). When this is coupled with Defendant's urinalysis that was positive for alcohol, we conclude that this is sufficient to support the district court's conclusion that Defendant willfully possessed alcohol. *See Reed*,

1998-NMSC-030, ¶ 16 (noting that the knowledge component was not met because there was no corroborating evidence such as: flight, acting suspicious, possession of drug paraphernalia or other drugs on the defendant's person, an admission, or intoxication).

**{7}** For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**{8}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**