This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38362**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SANTIAGO V.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**DECISION**

**BOGARDUS, Judge.**

**{1}** Santiago V. (Child) appeals his adjudication as delinquent for possession of marijuana or synthetic cannabinoids, contrary to NMSA (1978), Section 30-31-23(A) (2011, amended 2019).[1] On appeal, Child challenges his adjudication asserting that the

---

[1]Throughout this opinion, citations to Section 30-31-23 are to the 2011 version of this statute.

evidence is insufficient that: (1) the substance was marijuana, and (2) Child knew the substance was marijuana. We affirm.

**{2}** We set out only the pertinent facts and law in connection with the issues analyzed because the parties are familiar with the facts and procedural posture of this case and because this is a non-precedential expedited bench decision. *See In re Court of Appeals Caseload*, Misc. Order No. 01-57, ¶ 4(C) (Sept. 19, 2016).

**BACKGROUND**

**{3}** On August 5, 2018, Officer Alex Barleen pulled behind Child's parked car after noticing the car had an expired registration. Two passengers stepped out of the car, and then the officer activated his lights. As the officer approached the car, he saw Child putting a clear plastic bag into the front right pocket of his pants. The officer testified that he smelled burnt marijuana when he made contact with the car, identifying its odor based on his training and experience. A third passenger remained in the car with Child. Child allowed the officer to search him and the officer found a clear plastic bag containing a green, leafy substance in Child's front right pants pocket. The officer seized the bag, placed Child under arrest, and transported him to his home. At the hearing, the officer testified that the green leafy substance in the plastic bag was "consistent with what I know through training and experience to be marijuana." The officer also testified that a clear bag "is consistent with what is commonly used to package illicit drugs or narcotics." Neither the bag nor the substance inside it were produced at trial. The substance was not tested and no test results were offered into evidence at trial.

**{4}** A delinquency petition was filed alleging Child had committed the delinquent act of either possession of marijuana or synthetic cannabinoids, contrary to Section 30-31-23(B)(1).[2] After a bench trial, Child was found to have committed the delinquent act of possessing marijuana. Child was committed to the custody of Children, Youth and Families Department for two years.

**DISCUSSION**

**{5}** Child argues that because the only evidence presented to establish the substance's identity was the testimony of the arresting officer, the evidence presented was insufficient to prove, beyond a reasonable doubt, that the substance in his possession was marijuana, or that Child knew the substance was marijuana. Child also claims that scientific evidence is required to identify any green, leafy substance as marijuana or a synthetic cannabinoid. The State argues the officer's testimony regarding his observations of the substance and packaging, his experience in identifying marijuana, and the smell of marijuana constitute sufficient evidence to find the substance was a controlled substance. We conclude that the evidence presented was sufficient for the fact-finder to determine that the substance was marijuana.

---

2The petition alleged that the amount Child possessed was more than one ounce but less than eight ounces, but the allegation was modified before trial to an amount less than one ounce.

**{6}** When evaluating a sufficiency of the evidence challenge, we "view[] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Willyard*, 2019-NMCA-058, ¶ 22, 450 P.3d 445 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{7}** This Court has held that "expert testimony is not required to identify illegal drugs." *State v. Gerald B.*, 2006-NMCA-022, ¶ 23, 139 N.M. 113, 129 P.3d 149. We have consistently held that lay opinion concerning the identification of marijuana is admissible, and the court or the jury is permitted to consider the qualifications of the witness, but these considerations go to the weight given to the testimony and not to its admissibility. *State v. Rubio*, 1990-NMCA-090, ¶ 5, 110 N.M. 605, 798 P.2d 206. "In deciding whether the evidence was sufficient to show the substance was [marijuana], we may consider such circumstances as the appearance and packaging of the substance, its price, the manner of its use, and its effect on the user." *State v. Godoy*, 2012-NMCA-084, ¶ 15, 284 P.3d 410 (omission, internal quotation marks, and citation omitted). "The identity of a controlled substance may further be established by persons having lay experience with the drug through prior use, trading, or law enforcement." *Rubio*, 1990-NMCA-090, ¶ 8.

**{8}** In this case, there was sufficient circumstantial evidence supporting the district court's finding that the substance found in Child's possession was marijuana. As the officer walked up to the car, he smelled the distinct and pervasive odor of marijuana. The officer was familiar with the smell based on his training and experience. When the officer first approached, he saw Child put a clear plastic bag in the right pocket of his pants, which the officer believed meant Child was attempting to hide what was in the bag. The officer told Child to not reach for his waistline. Despite this order, Child reached twice for his waistline, where the officer had seen him put the clear plastic bag. The officer's order not to reach for his waistline was the only order Child did not follow during their conversation. After a consensual search, the officer found a clear plastic bag filled with a green leafy substance in Child's front right pants pocket. The officer identified the substance as marijuana based on its appearance and consistency, as well as its packaging, which based on his experience was consistent with the packaging of narcotics or illicit drugs. Based on the odor, Child's movements to conceal the bag, and the officer's identification of the substance, we conclude that there is sufficient evidence to prove the substance was marijuana.

**{9}** Child next argues there is insufficient evidence to prove he knew the substance was marijuana. Child bases his argument on *In re Doe*, 1975-NMCA-108, ¶ 38, 88 N.M. 347, 540 P.2d 827, arguing that furtive movements alone are insufficient to prove guilty knowledge.

**{10}** In *Doe*, the defendants, students at a junior high school, smoked and passed a pipe while changing classes. *See id.* ¶ 40. Despite the furtive nature of the smokers' conduct, we concluded such evidence did "not amount to conduct sufficient to infer that the smokers knew the character of the substance they were using." *Id.* We noted that the smokers' actions could also have been explained by their smoking tobacco, in light of the school policies prohibiting such conduct. *See id.* We did not, however, conclude that furtive movements alone were insufficient to prove knowledge, but given the circumstances described in *Doe*, the furtive movements alone were insufficient to infer knowledge. *See id. Doe* is not controlling here, where the evidence presented goes beyond the furtive movements deemed insufficient in that case.

**{11}** Our task is to "review the evidence to determine whether any rational jury could have found each element of the offense proven beyond a reasonable doubt." *State v. Duarte*, 2004-NMCA-117, ¶ 23, 136 N.M. 404, 98 P.3d 1054. Here, the evidence establishes that Child put the bag containing the substance into his front right pants pocket when the officer approached. He reached for his waistband repeatedly, where the bag was, despite the officer telling him not to. Child's actions, in addition to the pervasive smell of marijuana, and the green leafy substance in the bag, are sufficient for a reasonable fact-finder to view Child's behavior as a reaction of someone who knew the substance in his possession was marijuana. *See State v. Baca*, 1997-NMSC-018, ¶ 16, 123 N.M. 124, 934 P.2d 1053 (discussing that the jury could infer the defendant's guilty knowledge based on an inference that the defendant's actions evidenced an attempted to conceal something).

**{12}** Finally, Child argues that because he was charged with possession of marijuana or possession of synthetic cannabinoids in the alternative, the State was required to scientifically determine whether the substance was marijuana or a synthetic cannabinoid. Although Child was charged with possession of marijuana or possession of synthetic cannabinoids, the district court found Child guilty only of possession of marijuana.[3] As we previously explained, given the facts and circumstances here, expert testimony was not required to establish that the substance was marijuana. *See Gerald B.*, 2006-NMCA-022, ¶ 23.

**{13}** The essential elements of possession of marijuana are that "[t]he defendant had marijuana in his possession" and "[t]he defendant knew it was marijuana." UJI 14-3102 NMRA; *see also* § 30-31-23(A) ("It is unlawful for a person intentionally to possess a

---

[3]Child was initially alleged to have possessed "[m]arijuana or [s]ynthetic [c]annabinoids[.]" Although the district court's written disposition order states Child was found to have committed "the delinquent act of [p]ossession of [m]arijuana or [s]ynthetic [c]annabinoids[,]" at the bench trial, the parties only argued and presented evidence regarding possession of marijuana. Synthetic cannabinoids were never discussed. The district court stated, "I find that the [S]tate has proved beyond a reasonable doubt that [C]hild was in possession of marijuana, that he knew that it was marijuana, and that it happened in Chaves County on or about August 5th, 2018[.]" At his sentencing hearing, both the district court and the State's attorney acknowledged Child was convicted of possession of marijuana. Child also acknowledged in his brief to this Court that he was adjudicated "delinquent for possession of less than one ounce of marijuana." It is clear, based on the arguments of the parties and the district court's oral findings, that the district court found Child guilty of possession of marijuana.

controlled substance[.]"). Neither the possession of marijuana statute nor the corresponding jury instruction require the State to prove *both* that a substance is marijuana, *and* that the substance is not a synthetic cannabinoid. To the extent that Child argues that the alternative nature of the statute triggers an additional burden on the State to not only prove the crime of which a defendant is convicted, but also to disprove the alternate charge, we note that Child does not cite any authority for such a proposition and we decline to consider the argument further. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**CONCLUSION**

**{14}**    We affirm Child's adjudication for possession of marijuana.

**{15}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**