558 P.2d 1149

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jacob B. ARMIJO, Defendant-Appellant.**

**No. 2531.**

Court of Appeals of New Mexico.

Dec. 14, 1976.

Jan A. Hartke, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Eleven of the sixteen counts of the indictment were submitted to the jury. Defendant was convicted on each count submitted. The eleven convictions divide into three categories: (a) Count 1—conspiracy with Lydia Blea and Diane Blea, from on or about December 31, 1974 through on or about February 19, 1975, to commit a felony by trafficking in heroin; (b) Counts 2, 5, 13 and 15—trafficking by distribution of heroin; and (c) Counts 3, 6, 10, 11, 12 and 16—trafficking by possession with intent to distribute heroin. See § 54–11–20, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1975). Defendant's appeal challenges the sufficiency of the evidence (1) as to the conspiracy and (2) as to the heroin.

*Evidence of Conspiracy*

Defendant claims the evidence is insufficient to show that he was a party to any agreement to traffic in heroin. This amounts to an attack on each of the convictions because defendant asserts that the ten trafficking counts were "submitted to the jury solely on a theory of derivative liability." By "derivative liability", defendant refers to the rule that: "A defendant may be convicted of a substantive offense which he did not himself commit if it is clear that the offense was committed in furtherance of a conspiracy of which the defendant was a member." *United States v. Trotter,* 529 F.2d 806 (3rd Cir. 1976); see *State v. Ochoa,* 41 N.M. 589, 72 P.2d 609 (1937).

Defendant's claim is overbroad. The instructions, particularly the instruction defining the material elements of the offenses charged, do not limit the distribution counts (category b) to a derivative liability theory. The consequence is that the four convictions in category (b) are not chal-

lenged on appeal. We assume that the derivative liability theory applies to the possession with intent to distribute counts (category c) as well as the conspiracy count (category a). Accordingly, the claim that the evidence of conspiracy is insufficient applies to seven of the eleven convictions. This does not mean, however, that evidence supporting the four distribution counts is not to be considered; the distribution evidence is clearly relevant to the conspiracy charge.

■ There is evidence of transactions between defendant and Diane Blea on December 31, 1974, and January 4, January 9, January 22, January 30, February 1, February 13 and February 19, 1975. Defendant characterizes these transactions as showing no more than "that Diane Blea appeared to have bought heroin from the defendant on several occasions." Conspiracy is defined in terms of a common design or mutually implied understanding. *State v. Deaton,* 74 N.M. 87, 390 P.2d 966 (1964); *State v. Ross,* 86 N.M. 212, 521 P.2d 1161 (Ct.App.1974). Defendant asserts: "The mere transacting of business between buyer and seller, even where the commodity being dealt in is contraband, should not be sufficient to establish the existence of a common design or purpose."

Defendant asserts that evidence of substantial business dealings between commonly owned enterprises was insufficient to show a common design between the enterprises, citing *Morris v. Dodge Country, Inc.,* 85 N.M. 491, 513 P.2d 1273 (Ct.App.1973). The substantial business dealings in evidence in *Morris,* supra, were of legitimate business transactions. These dealings did not support an inference that Leasing (the party sought to be charged as a conspirator) participated in any way in the one fraudulent transaction in that case and, therefore, did not support an inference of conspiracy. *Morris* is not applicable.

Defendant also relies on *United States v. Spanos,* 462 F.2d 1012 (9th Cir. 1972) and *United States v. Peoni,* 100 F.2d 401 (2nd Cir. 1938). In these two cases, the evidence of one completed transaction between A and B was insufficient to show that A was involved in a conspiracy involving B's distribution to C. That is not the situation in this case; here there is evidence of nine transactions on eight dates. Because of the number of transactions, neither *Spanos* nor *Peoni* is applicable.

In addition to the number of transactions, there is evidence that defendant's transactions with Diane were in $500 or $1,000 amounts; the price was $500 for one-half ounce; Diane would make a telephone call; a short time later defendant would appear; a transaction would occur; Diane would part with money and receive a baggie of a substance; all were cash transactions; Diane and Lydia were in the heroin selling business, usually selling in "caps". Their source of supply was defendant.

■ The size, frequency and manner of the transactions in this case were evidence sustaining defendant's conviction for conspiracy with Diane and Lydia to traffic in heroin. The jury could properly conclude that the heroin defendant supplied to Diane was for resale. *United States v. Steinberg,* 525 F.2d 1126 (2nd Cir. 1975); *United States v. Sin Nagh Fong,* 490 F.2d 527 (9th Cir. 1974); *United States v. Agueci,* 310 F.2d 817 (2nd Cir. 1962).

*Evidence of Heroin*

This issue goes to five of the six counts in category (c)—trafficking by possession with intent to distribute. After the transaction with defendant, Diane possessed the substance and she intended to distribute that which she and Lydia did not use. Agents for the State were unable to obtain any samples of the substance involved in these counts. We agree with defendant that there is no direct scientific evidence that the substance was heroin.

■ There is circumstantial evidence that the substance was heroin; the circumstantial evidence is substantial, in fact, almost overwhelming. In the four distribution counts (category b), there is no claim that the substance was not heroin. The substance in the other trafficking counts (category c) had the appearance and was

packaged in the same manner as in the category (b) counts. The price was the same. In the instances that Diane and Lydia used some of the substance, the substance was prepared for use by implements used for heroin injection. There is evidence from an experienced narcotics agent that in one instance Diane and Lydia were undergoing withdrawal symptoms, that after use of the substance these symptoms disappeared. There is also evidence that in at least one instance the "use" was an overdose. The manner of delivery of the substance for the category (c) counts was the same as the manner of delivery of the category (b) counts.

The essence of defendant's contention is that convictions involving narcotics should not be sustained on the basis of circumstantial evidence. We have held to the contrary. *State v. Burrell,* 89 N.M. 64, 547 P.2d 69 (Ct.App.1976).

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.