600 P.2d 312

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Connie LEYBA and Veronica Carrillo, Defendants-Appellees.**

No. 4097.

Court of Appeals of New Mexico.

Aug. 23, 1979.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Mary Jo Snyder, Santa Fe, for defendants-appellees.

OPINION

WALTERS, Judge.

Defendants were indicted by the grand jury for shoplifting in violation of § 30–16–20, and for conspiracy, in violation of § 30–28–2, N.M.S.A.1978. The trial court dismissed the charge of conspiracy on the ground that § 30–16–20 C expressly prohibits charging a separate or additional offense if it arises out of the same transaction upon which the shoplifting charge is based. The State contends the trial court misconstrued § 30–16–20 C, because it logically refers to additional similar charges such as larceny, and that the second charge should be reinstated.

The parties to this appeal are in error in agreeing that the charge of conspiracy "arises out of the same transaction" which resulted in the indictment for shoplifting. It is true that proof of the subsequent shoplifting may also tend to circumstantially prove the conspiracy charge, *State v. Thoreen*, 91 N.M. 624, 578 P.2d 325

(Ct.App.1978); *see, People v. Edwards*, 74 Ill.App.2d 225, 219 N.E.2d 382 (1966); but conspiracy is an initiatory crime, and it is a separate "common design or mutually implied understanding" between two or more persons to accomplish a criminal act at some time subsequent to reaching the common design or mutual understanding to do so. *See State v. Armijo*, 90 N.M. 10, 558 P.2d 1149 (Ct.App.1976); 16 Am.Jur.2d 131, Conspiracy, § 7. The overt act which constitutes the object of the conspiracy is no part of the crime of conspiracy; indeed, an overt act is not required, but the crime is complete when the felonious agreement is reached. *State v. Davis*, 92 N.M. 341, 587 P.2d 1352 (Ct.App.1978).

The alleged conspiracy did not arise from the same transaction as led to the charge of shoplifting, *see State v. Armijo*, 90 N.M. 12, 558 P.2d 1151 (Ct.App.1976); thus, the second count of the indictment should not have been dismissed on that ground.

The decision of the trial court is reversed with directions to reinstate the charge of conspiracy against defendants and to proceed accordingly.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.