2008-NMCA-165

198 P.3d 866

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Sandra RAMIREZ, Defendant–Appellant.**

**No. 27,214.**

Court of Appeals of New Mexico.

Sept. 24, 2008.

Certiorari Denied, No. 31,371,
Nov. 6, 2008.

Gary K. King, Attorney General, Santa Fe, NM, Steven S. Suttle, Special Counsel, Albuquerque, NM, for Appellee.

Hugh W. Dangler, Chief Public Defender, Jason C. Gordon, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

ALARID, Judge.

{1} Sandra Ramirez (Defendant) appeals her convictions for two counts of burglary, one count of criminal trespass, and two counts of shoplifting. She raises four issues on appeal: (1) Defendant was entitled to jury instructions listing either shoplifting or larceny under $250 as a lesser-included offense of felony burglary; (2) under the plain language of NMSA 1978, § 30–16–20(C) (2006), Defendant may not be charged with shoplifting and another offense arising from the same transaction; (3) Defendant's convictions for both criminal trespass and burglary violate her right to be free from double jeopardy; and (4) the sentence imposed constitutes cruel and unusual punishment. For the reasons discussed below, we affirm Defendant's convictions for two counts of burglary and one count of criminal trespass, reverse Defendant's convictions for two counts of shoplifting, and remand to the district court for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} The facts of this case are not significantly in dispute. Based upon evidence introduced at trial, Defendant entered La Tienda Grocery Store in Carlsbad, New Mexico,

at approximately 6:30 a.m. on March 29, 2006, concealed three bottles of alcohol on her person, and left the store without paying. Defendant entered La Tienda a second time that day at approximately 12:30 p.m., concealed two bottles of alcohol on her person, and left the store without paying. Both instances were captured on the store's video surveillance system, a DVD that was entered into evidence as State's Exhibit No. 2. Defendant returned to La Tienda a third time that same day, at approximately 2:20 p.m., and was arrested for criminal trespass based upon a criminal trespass warning that had been issued to her on behalf of La Tienda in 2002. At trial, Defendant was convicted of two counts of burglary, two counts of shoplifting, and one count of criminal trespass.

## DISCUSSION

### 1. Defendant's Requested Jury Instructions on Lesser–Included Offenses

{3} Defendant contends on appeal that the district court erred in refusing her request to instruct the jury on either shoplifting or larceny under $250 as a lesser-included offense of burglary.

### A. Standard of Review

{4} "The propriety of jury instructions is a mixed question of law and fact." *State v. Romero*, 2005–NMCA–060, ¶ 8, 137 N.M. 456, 112 P.3d 1113. "When considering a defendant's requested instructions, we view the evidence in the light most favorable to the giving of the requested instruction[s]." *Id.* Viewing the facts in that manner, we review the issue de novo. *Id.* "When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error." *State v. Brown*, 1996–NMSC–073, ¶ 34, 122 N.M. 724, 931 P.2d 69.

### B. The District Court Did Not Err in Refusing Defendant's Requested Jury Instructions

{5} The trial court should honor a defendant's request to instruct the jury on a lesser-included offense when:

(1) the defendant could not have committed the greater offense in the manner described in the charging document without

also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*State v. Meadors*, 121 N.M. 38, 44, 908 P.2d 731, 737 (1995); *see also State v. Darkis*, 2000–NMCA–085, ¶ 14, 129 N.M. 547, 10 P.3d 871.

{6} In order to determine whether the defendant could have committed the greater offense without also committing the lesser offense, we examine the elements of burglary, larceny, and shoplifting. Shoplifting consists of willfully taking possession of or concealing any merchandise with the intention of converting it without paying for it. *See* § 30–16–20(A)(1)–(2). Burglary is the unauthorized entry of any structure with the intent to commit any felony or theft therein. *See* NMSA 1978, § 30–16–3 (1971). "The crime of burglary is complete when there is an unauthorized entry with the necessary intent; the intent does not have to be carried out after entry." *State v. McAfee*, 78 N.M. 108, 111, 428 P.2d 647, 650 (1967). "Larceny consists of the stealing of anything of value that belongs to another." *See* NMSA 1978, § 30–16–1(A) (2006). "Since stealing is a necessary element of larceny but is not a necessary element of burglary, larceny is not necessarily involved in a burglary.... Defendant could be convicted of and sentenced for both crimes." *McAfee*, 78 N.M. at 111, 428 P.2d at 650.

{7} Burglary does not have any shared elements with either shoplifting or larceny. Therefore, looking only at the elements of the crimes in question, it is clear that Defendant could have committed the greater offense, burglary, without also committing the lesser offense of shoplifting or larceny.

{8} The second prong of our inquiry requires sufficient evidence to be presented

at trial to sustain a conviction on the lesser offense. Further, "[i]n order to obtain an instruction on a lesser included offense, '[t]here must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable.'" *State v. Brown*, 1998–NMSC–037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (quoting *State v. Curley*, 1997–NMCA–038, ¶ 5, 123 N.M. 295, 939 P.2d 1103). Defendant twice entered La Tienda in violation of the criminal trespass notice, took bottles of liquor, and left without paying. It is clear that these actions fit the elements of both shoplifting and larceny; however, because Defendant's entry into the store constituted criminal trespass, we do not find a reasonable view that the shoplifting or larceny was the highest degree of crime committed.

{9} Finally, *Meadors* requires the elements distinguishing the greater and lesser offenses to be sufficiently in dispute so that a rational jury could acquit on the greater offense and convict on the lesser. 121 N.M. at 44, 908 P.2d at 737. Defendant's burden, then, is to show that whether she knew she was not allowed to enter La Tienda was sufficiently in dispute such that a rational jury could acquit on the burglary charge and convict on the shoplifting or larceny charge. At trial, a State's witness, Police Officer Jaime Balencia, testified he arrested Defendant on March 29, 2006, for criminal trespass in the parking lot of La Tienda after being informed by the police dispatch officer that a criminal trespass warning for La Tienda had been issued to Defendant. Police Officer Martin Hernandez testified that he issued the criminal trespass warning to Defendant in 2002 and that she signed it. The State entered into evidence a copy of the criminal trespass warning signed by Defendant. On the stand, Defendant reviewed the criminal trespass warning and stated that she had signed it. Defendant also stated she did not recall receiving the criminal trespass warning but admitted that her signature on the warning meant she had seen it in the past.

{10} In light of the evidence presented at trial, including Defendant's own testimony, we are not persuaded by Defendant's assertion. "[W]here a defendant has notice that he is not authorized to enter a particular area and he, nevertheless, does so with the intent to commit a theft, he can be charged with burglary." *State v. Tower*, 2002–NMCA–109, ¶ 8, 133 N.M. 32, 59 P.3d 1264. As Defendant has not shown that her theory of the case was supported by evidence adduced at trial, we affirm the district court's ruling that she was not entitled to jury instructions on either shoplifting or larceny under $250 as a lesser-included offense of burglary.

## 2. Convictions for Both Shoplifting and Burglary Violate the Plain Language of Section 30–16–20(C)

{11} Defendant contends she was improperly charged with both shoplifting and burglary in violation of the plain language of Section 30–16–20(C), which prohibits additional charges arising out of the same transaction as shoplifting. We agree.

### A. Standard of Review

{12} We must determine the legislature's intent in drafting Section 30–16–20(C). "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005–NMCA–120, ¶ 10, 138 N.M. 466, 122 P.3d 50.

### B. Burglary and Shoplifting Arose out of the Same Transaction

{13} Section 30–16–20(C) prohibits any person charged with shoplifting from being charged with separate or additional offenses arising out of the same transaction. "When the language in a statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *Duhon*, 2005–NMCA–120, ¶ 10, 138 N.M. 466, 122 P.3d 50. Therefore, the appropriate inquiry in our case is whether the burglary and shoplifting arose out of the same transaction.

{14} The leading New Mexico case in which a defendant argued he had been charged in violation of the shoplifting statute is *State v. Leyba*, 93 N.M. 366, 600 P.2d 312 (Ct.App.1979). In *Leyba*, this Court held

that conspiracy charges did not arise out of the same transaction as the shoplifting charge because "conspiracy is an initiatory crime, and it is a separate common design or mutually implied understanding between two or more persons to accomplish a criminal act at some time subsequent to reaching the common design or mutual understanding to do so." *Id.* at 367, 600 P.2d at 313 (internal quotation marks and citations omitted). *Leyba* further held the prohibition in Section 30–16–20(C) referred to "additional similar charges such as larceny" and that the defendant could be charged with both shoplifting and conspiracy. *Leyba,* 93 N.M. at 366–67, 600 P.2d at 312–13.

{15} The burglaries in the instant case were committed when Defendant illegally entered the store intending to steal bottles of liquor. She entered the store and stole bottles of liquor. Her intent when she entered the store was the same as when she committed the theft. There was no separation in time or location. Although the burglary and shoplifting are statutorily separate offenses, the burglary and the shoplifting arose out of the same occurrence, were committed at the same time as part of a continuous act, and were inspired by the same criminal intent. *See State v. Blackwell,* 76 N.M. 445, 448, 415 P.2d 563, 565 (1966) (holding that rape and assault with intent to rape merged because both charges arose out of the same criminal transaction, were committed at the same time as part of a continuous act, and were inspired by the same criminal intent); *State v. Quintana,* 69 N.M. 51, 57, 364 P.2d 120, 124 (1961) (holding that if offenses are the same, arise out of the same transaction, were committed at the same time, were part of a continuous criminal act, and inspired by the same criminal intent, which is an essential element of each offense, there can be only one punishment). Therefore, we find that in this case, the burglary and the shoplifting arose out of the same transaction.

{16} The plain language of Section 30–16–20(C) prohibits the State from bringing additional charges arising out of the same transaction. As the State points out, this does not mean that a shoplifter may not be charged for any other crime if a crime spree or series of criminal acts happens to include a shoplifting. However, it is clear that the legislature did not intend shoplifters to be charged with multiple crimes arising from a single instance of shoplifting.

{17} The prohibition on additional charges means the shoplifting charges were null when brought. It is for the State to decide which charges to bring based upon the circumstances. Here, the State chose burglary. Adding two charges of shoplifting in violation of the statutory limitation on additional charges was explicitly prohibited by the plain language of Section 30–16–20(C). Therefore, we vacate Defendant's convictions for two counts of shoplifting and remand to the district court for resentencing.

### 3. Criminal Trespass

{18} This Court raised, *sua sponte,* the issue of whether the State had violated Defendant's constitutional right to be free of double jeopardy when it charged her with both burglary and criminal trespass. Although the State conceded that the criminal trespass conviction should be vacated under a double jeopardy analysis as a lesser included offense of burglary, we need not accept the State's concession to vacate the criminal trespass conviction. *See State v. Muniz,* 2003–NMSC–021, ¶ 5, 134 N.M. 152, 74 P.3d 86. A review of the transcript showed the criminal trespass charge was based upon Defendant's third trip to the store on March 9, 2006, at approximately 2:20 p.m. As this charge arose out of a transaction separate in time and space from the two previous instances of criminal trespass on that day, no double jeopardy analysis is necessary. *See Swafford v. State,* 112 N.M. 3, 13–14, 810 P.2d 1223, 1233–34 (1991). Therefore, we affirm Defendant's conviction for criminal trespass.

### 4. Cruel and Unusual Punishment

{19} Because we have vacated the two shoplifting convictions and Defendant is to be resentenced, we do not reach Defendant's argument that her sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

## CONCLUSION

{20} In light of the foregoing, we hereby affirm Defendant's convictions for two counts of burglary and one count of criminal trespass, vacate Defendant's convictions for two counts of shoplifting, and remand to the district court for resentencing.

{21} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and MICHAEL E. VIGIL, Judges.