This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                            NO.   30,625

**EVANGELINE VALENCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Following a bench trial, the metropolitan court, as a court of record, convicted Evangeline Valencia (Defendant) for driving under the influence of intoxicating liquor (DWI) contrary to NMSA 1978, Section 66-8-102 (2008) (amended 2010). Defendant appealed to the district court, and the district court affirmed the conviction. On appeal to this Court, Defendant contends that the metropolitan court and district court erred in concluding that Defendant had not met her burden of establishing her duress defense. Defendant contends that once she made a prima facie showing of duress, the burden should have shifted to the State and the State should have been required to prove, beyond a reasonable doubt, that Defendant "was not acting under duress when she drove while alcohol-impaired." We hold that Defendant failed to make a prima facie showing of the four factors required to establish the defense of duress for a strict liability crime. *See State v. Rios*, 1999-NMCA-069, ¶ 17, 127 N.M. 334, 980 P.2d 1068. Accordingly, we affirm.

**BACKGROUND**

Defendant testified at trial that she was involved in a one-car accident as she was attempting to flee from physical abuse by her estranged husband. Defendant had been staying at her sister's home, as she and her husband were experiencing marital difficulties. Defendant testified that her husband called her at work and told her he was coming by, so she left immediately after work to avoid seeing him. According

2

to Defendant, she went with a friend to a spot by the river and spent a few hours talking. Defendant testified that the next thing she could remember was being inside her husband's truck in his driveway and her husband hitting her.

Defendant testified that the attack went on for ten to fifteen minutes before she was able to escape. Defendant testified that she ran to her car for refuge, but the attack continued through the vehicle's open window. Defendant testified that she rolled up the window, but her husband began trying to break the window in response. Defendant testified that, in an effort to escape the attack, she placed her car in gear and started to drive away. According to Defendant, her husband grabbed onto the vehicle, she swerved to try to get him off of the car, and she lost control of the vehicle. Defendant crashed through a wall and hit a gas meter. The car caught on fire and Defendant had to escape through the broken back window.

A deputy from the Bernalillo County Sheriff's Office responded to the scene of the accident. The deputy, noticing that Defendant had bloodshot watery eyes, slurred speech, and an odor of alcohol, and having heard Defendant admit to drinking, conducted a DWI investigation. Following the investigation, the deputy placed Defendant under arrest for DWI.

**DISCUSSION**

3

New Mexico permits defendants to assert the common law defense of duress in response to a number of charges, including the strict liability crime of DWI. *Id.* ¶ 1. A duress defense permits defendants "to show that they ought to be excused from criminal liability because of the circumstances surrounding their intentional act." *Id.* ¶ 12. In the context of strict liability crimes, our courts have adopted a "narrowed articulation" of the duress defense, "so as not to 'vitiat[e] the protectionary purpose of the strict liability statute." *Id.* ¶¶ 16, 17 (alteration in original) (internal quotation marks and citation omitted). Under this test:

> the defendant must produce sufficient evidence that: (1) he was under an unlawful and imminent threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation that would likely compel him to engage in the criminal conduct; (3) he did not have a reasonable legal alternative (in other words, he could not have reasonably avoided the threatened harm or the criminal conduct in which he engaged); and (4) a direct causal relationship existed between the criminal action and the avoidance of the threatened harm.

*Id.* ¶ 17 (quoting *State v. Baca*, 114 N.M. 668, 674-75, 845 P.2d 762, 768-79 (1992)). In expounding on these requirements, this Court has stated that "the keystone of the analysis is that the defendant must have no alternative—either before or during the event—to avoid violating the law." *Id.* ¶ 17 (internal quotation marks and citation omitted).

In challenging her conviction for DWI, Defendant contends that the metropolitan court improperly placed the burden to prove duress on Defendant, rather

than placing the burden on the State to prove, beyond a reasonable doubt, that Defendant's conduct was not excused by duress. Defendant contends that she was not required to prove each element of the defense of duress for the fact finder to excuse her illegal conduct of driving while intoxicated. Instead, Defendant contends that she was only required to make a prima facie showing of duress, after which the burden should have shifted to the prosecution to prove that she was not acting under duress when she drove while alcohol-impaired. Defendant argues that the proof necessary to satisfy a prima facie showing of duress is akin to that needed to support the issuance of a jury instruction. *See State v. Ramirez*, 2008-NMCA-165, ¶ 4, 145 N.M. 367, 198 P.3d 866 ("When considering a defendant's requested instructions, we view the evidence in the light most favorable to the giving of the requested instruction[s]." (alteration in original) (internal quotation marks and citation omitted)).

Having reviewed the record, we conclude that Defendant did not satisfy her burden of establishing a prima facie showing of duress. Here, Defendant acknowledges that her testimony at trial provided no information regarding how she came to be at her husband's house or how the domestic dispute arose. To the extent Defendant argues that "there is no evidence that [she] placed herself in a situation where there was a substantial and foreseeable risk that she would be forced to drive while alcohol-impaired," Defendant misstates her burden. According to *Rios*, it is the

defendant's burden to produce sufficient evidence that "[s]he did not . . . place [herself] in a situation that would likely compel [her] to engage in the criminal conduct." 1999-NMCA-069, ¶¶ 17 (internal quotation marks and citation omitted); *id.* ¶ 22. This is an affirmative showing that Defendant's testimony that she cannot recall does not satisfy. To the extent the deputy testified that Defendant told him she was at her husband's house earlier in the evening having drinks when things soured and her husband became violent, this testimony also fails to establish the circumstances surrounding the domestic dispute. Moreover, to the extent there was evidence relating to the commencement of the domestic dispute, it does not demonstrate an absence of recklessness as Defendant asserts. Instead, witness's testimony that Defendant pulled into the driveway fast, as if she were angry, and that a fight appeared to be underway shortly thereafter, supports a conclusion that Defendant may have come to the house with the intent to instigate an argument, and thus acted recklessly.

We understand Defendant to argue that whether or not she was reckless prior to the commission of the crime should not be part of this Court's inquiry in determining if the defense of duress is available. Specifically, Defendant takes issue with the following statement from *Rios*: "The keystone of the analysis is that the defendant must have no alternative—either before or during the event—to avoid

6

violating the law." *Id.* ¶ 17 (alteration, internal quotation marks, and citation omitted). Defendant argues that this language was taken from cases where the defendants had committed the status crime of felon in possession and therefore the crime of possession temporally preceded the actual event perceived by the defendants. While Defendant takes issue with the importation of this analysis from a context other than DWI, this Court's opinion in *Rios* was the first time we formally addressed whether duress can be a defense to DWI. *Rios* necessarily draws from cases in other contexts to establish the parameters of a duress defense within the context of DWI. To the extent Defendant is asking this Court to redefine those parameters, we decline to do so.

The metropolitan court held that Defendant had failed to put forth any evidence of the second factor required by *Rios*, and we agree. Although Defendant argues that we should not treat her memory loss as fatal to her defense, our case law clearly places the burden of establishing the availability of the defense on defendants, and we cannot simply excuse a defendant from satisfying that burden based on general allegations of memory loss. Because we conclude that Defendant failed to present evidence that she did not recklessly place herself in the position of having to drive while impaired, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**