This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                         **NO. 32,489**

**TIMOTHY CASTILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant, Timothy Castillo, appeals from his conviction on one count of driving while under the influence of intoxicating liquor (DWI). **[DS 1, RP 235]** He contends the district court erred in refusing to instruct the jury on the defense of duress and in admitting into evidence the written certification of the Intoxilyzer used to perform Defendant's breath alcohol test on the date of his arrest. **[DS 2]** We issued a notice proposing to summarily affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and affirm.

**BACKGROUND**

{2}     On July 25, 2010, Defendant and his girlfriend, Lorenda Etcitty, traveled to Shiprock, New Mexico, to visit Etcitty's family at Etcitty's mother's house. **[MIO 1]** Defendant and Etcitty got into an argument while making dinner. **[MIO 2]** Some of Etcitty's relatives confronted Defendant about the argument. **[MIO 2]** Etcitty's sister pointed a shotgun at Defendant and Etcitty told them they had to leave. **[MIO 2]** Defendant and Etcitty left the house in Defendant's car, heading towards Shiprock. **[MIO 3]**

{3}     Officer Tolth stopped Defendant's vehicle approximately four or five miles from Etcitty's mother's house in response to an "attempt to locate." **[MIO 3, RP 24-29]** Defendant testified that he was stopped within five minutes of leaving the house;

2

Defendant's girlfriend testified that they had been traveling for five to twenty-five minutes prior to being stopped. **[MIO 3]** Defendant told Officer Tolth that they were driving back to Albuquerque. **[MIO 3]** Defendant admitted to drinking five or six beers and four bottles of beer were found in the passenger compartment of his vehicle. **[RP 26, 28]** Defendant took a breath alcohol test, which registered a blood alcohol level of .08. **[MIO 4, RP 27]**

{4} Defendant was charged with two counts: (1) DWI (first offense), and (2) open container. He was convicted of both counts in the magistrate court and appealed to the district court. **[RP 1, 19, 20]** A de novo trial was held in district court. **[RP 167]** The district court granted Defendant's motion for a directed verdict on the open container charge. **[RP 198, 235]** The district court denied Defendant's request to instruct the jury on the defense of duress. **[RP 200]** The jury found Defendant guilty of DWI and the district court entered judgment, sentence, and order of remand to the magistrate court. **[RP 233, 235]**

**DISCUSSION**

{5} Defendant raises two issues on appeal, which we review in turn.

**A.    Jury Instruction**

{6} Defendant continues to argue that the district court erred in refusing to instruct the jury on the defense of duress. **[MIO 5]** Our standard of review is as follows:

3

The propriety of jury instructions is a mixed question of law and fact. When considering a defendant's requested instructions, we view the evidence in the light most favorable to the giving of the requested instructions. Viewing the facts in that manner, we review the issue de novo. When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error.

*State v. Ramirez*, 2008-NMCA-165, ¶ 4, 145 N.M. 367, 198 P.3d 866 (alteration, internal quotation marks, and citations omitted).

{7} In *State v. Rios*, we held that the defense of duress is available in DWI cases. 1999-NMCA-069, ¶ 28, 127 N.M. 334, 980 P.2d 1068. We noted, however, that "[w]e must approach the application of this defense to DWI charges with care so as not to vitiate the protectionary purpose of the strict liability statute." *Id.* ¶ 16 (alteration, internal quotation marks, and citation omitted). We thus adopted a narrow articulation of the duress defense in DWI cases, under which a defendant must produce sufficient evidence that:

> (1) he was under an unlawful and imminent threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation that would likely compel him to engage in the criminal conduct; (3) he did not have a reasonable legal alternative (in other words, he could not have reasonably avoided the threatened harm or the criminal conduct in which he engaged); and (4) a direct causal relationship existed between the criminal action and the avoidance of the threatened harm.

*Id.* ¶ 17 (quoting *State v. Baca*, 114 N.M. 668, 674-75, 845 P.2d 762, 768-69 (1992)). "The keystone of the analysis is that the defendant must have no alternative – either

before or during the event – to avoid violating the law." *Rios*, 1999-NMCA-069, ¶ 17 (alteration, internal quotation marks, and citation omitted).

{8}    The district court denied Defendant's request to instruct the jury on the defense of duress because the district court judge concluded that Defendant did not produce sufficient evidence that he had no reasonable legal alternative to driving while intoxicated. [RP 200] We proposed to affirm, noting Defendant was driving from five to twenty-five minutes prior to being stopped and there was no evidence he was being followed.

{9}    In his memorandum in opposition, Defendant argues "there was sufficient evidence that a reasonable juror could conclude that [Defendant] had no reasonable alternative to his actions." **[MIO 5]** Defendant contends that our proposed disposition "does not give sufficient weight to the 'light most favorable to the instruction' standard of review." **[MIO 5]** He acknowledges that there was no evidence that Defendant was being followed, but argues that this "[does] not establish that [Defendant] and his girlfriend were out of danger." **[MIO 6]**

{10}    We disagree. The evidence reflects that Etcitty's sister simply wanted Defendant and Etcitty to leave the house. There was no evidence that Defendant was being followed, and there was no other evidence that Defendant was in danger after leaving the house. Defendant had been driving for at least five minutes when he was

5

stopped, and he told Officer Tolth that he was driving to Albuquerque. Viewing the evidence in the light most favorable to giving the duress instruction, we conclude that the evidence does not meet the narrow articulation of the duress defense, as set forth in *Rios* and *Baca*. *See Rios*, 1999-NMCA-069, ¶ 27; *Baca*, 114 N.M. at 674-75. We thus conclude that the district court did not err in refusing to instruct the jury on the defense of duress.

**B.      Admission of Intoxilyzer Certificate**

{11}      Defendant continues to argue that the district court erred in admitting into evidence the written certification of the Intoxilyzer used to measure his blood alcohol level on the date of his arrest because Defendant did not have an opportunity to confront the person who certified the machine. **[MIO 7]** Defendant cites *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), in support of his argument. **[MIO 7]**

{12}      In *State v. Anaya*, we held that "the scientific reliability and functionality of the [breathalyzer] used to test Defendant's breath is a foundational issue that is only subject to challenge through expert testimony." 2012-NMCA-094, ¶ 22, 287 P.3d 956. We explained: "Because the underlying science and functionality of the [breathalyzer] bears only on the measurement to be used in conducting analytical, scientific process, the scientific aspects of the breathalyzer machine are

non-testimonial and the Confrontation Clause does not apply." *Id.* ¶ 25. Consistent with *Anaya*, we conclude that the district court did not err in admitting the Intoxilyzer certificate into evidence.

**CONCLUSION**

{13}     For the reasons stated above and in our previous notice, we affirm the judgment of the district court.

{14}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**