This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

   **Plaintiff-Appellee,**

**v.**            **No. 34,994**

**DALE TENORIO,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE Judge.**

**{1}** Defendant, Dale Tenorio, appeals his convictions for aggravated assault and shoplifting. We issued a notice of proposed summary disposition proposing to affirm on November 3, 2015. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

**{2}** Defendant argues that the evidence was insufficient to support his convictions for aggravated assault and shoplifting. [MIO 1] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

**{3}** Based on the facts as recited in the docketing statement and the memorandum, we believe that the evidence at trial was sufficient to support Defendant's convictions. In order to convict Defendant of aggravated assault by use of a deadly weapon, the

State was required to present evidence that: (1) Defendant tried to touch or apply force to Phil Gonzales by lunging at him with a knife, (2) Defendant acted in a rude, angry, or insolent manner, (3) Defendant used a deadly weapon (knife), (4) Defendant intended to touch or apply force to Phil Gonzales, and (5) Defendant was not intoxicated from the use of alcohol at the time the offense was committed to the extent of being incapable of forming an intention to touch or apply force to Phil Gonzales. [RP 103] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); *see also* UJI 14-304 NMRA (defining the elements of aggravated assault with a deadly weapon).

**{4}** At trial, the State presented the testimony of Phil Gonzales. Mr. Gonzales testified that he was a loss prevention officer working at a Smith's grocery store. Mr. Gonzales confronted Defendant because Defendant passed all points of sale without paying for several bottles of alcohol and other items. Mr. Gonzales testified that, after he confronted Defendant, Defendant removed a knife from his pocket and came towards him. [DS 3, MIO 1] The State also presented video surveillance of the incident to the jury. [DS 3] Evidence that Defendant removed a weapon from his pocket and advanced on Mr. Gonzales is sufficient to support his conviction for aggravated assault. *See* NMSA 1978, §30-3-2 (1963) (stating that aggravated assault

3

consists of unlawfully assaulting someone with a deadly weapon); *see also* NMSA 1978, § 30-3-1 (1963) (defining assault of any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery).

{5}     This evidence is also sufficient to support Defendant's conviction for shoplifting. "Shoplifting consists of willfully taking possession of or concealing any merchandise with the intention of converting it without paying for it." *State v. Ramirez*, 2008-NMCA-165, ¶ 6, 145 N.M. 367, 198 P.3d 866; *see also* § 30-16-20(A)(1), (2) (2006) (defining shoplifting). Mr. Gonzales's testimony that he saw Defendant leaving a Smith's grocery store with several bottles of alcohol and other items that Defendant did not pay for, after which Defendant threatened him with a knife when confronted, is sufficient to prove shoplifting. [DS 3, MIO 1]

{6}     Defendant states in his memorandum that Mr. Gonzales testified that Defendant was intoxicated during the encounter. [MIO 1] Defendant argues that this evidence tends to prove that he did not commit aggravated assault and shoplifting. [MIO 1-2] Defendant has not explained in his memorandum in opposition how evidence of his intoxication is exculpatory. However, we note that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M.

4

438, 971 P.2d 829; *see also State v. Akers*, 2010-NMCA-103, ¶ 32, 149 N.M. 53, 243 P.3d 757 (stating that when reviewing the sufficiency of the evidence we do not consider the merit of evidence that may have supported a different result).

**{7}**   For these reasons, we affirm Defendant's convictions.

**{8}**   **IT IS SO ORDERED**.

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**