This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38279**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSE J. GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Jose Gonzales challenges the sufficiency of the evidence supporting his convictions for receiving or transferring a stolen motor vehicle and for possession of burglary tools. We conclude the evidence supports Defendant's conviction for receiving or transferring a stolen motor vehicle, but is insufficient to support his conviction for possession of burglary tools. We therefore affirm in part and reverse in part.

## BACKGROUND

**{2}** Defendant was driving a Mitsubishi sports car in southeast Albuquerque when a patrolling officer with the Albuquerque Police Department, Officer Padilla, ran the vehicle's license plate and discovered it had been reported stolen two days earlier. Officer Padilla began following Defendant. Defendant made several quick turns through a nearby neighborhood, and then Defendant turned into a parking lot where he and the passenger, who was later identified as Defendant's girlfriend, exited the vehicle and began walking away, leaving the engine running.

**{3}** Officer Padilla turned on his lights, exited his vehicle, and instructed Defendant and Defendant's girlfriend to take a seat on the sidewalk. They complied, backup arrived, and Officer Padilla began questioning Defendant. The first thing Defendant said was, "She doesn't know anything about anything," referring to his girlfriend. When asked where he got the vehicle, Defendant responded that he got the vehicle from a friend a few hours earlier, but when asked the friend's name, Defendant told the officer he could not remember. When asked why he abruptly exited the vehicle, leaving it running, Defendant said he noticed the officer behind him and wanted to get away from the vehicle.

**{4}** Upon searching the Mitsubishi, Officer Padilla found a broken screwdriver clamped in a vise-grip on driver's side floorboard along with a key ring with several keys made by different vehicle manufacturers. Although the key ring was mentioned by Officer Padilla at trial, the keys on the ring were not identified as burglary tools in the jury instructions. The key left in the ignition belonged to a Chrysler, not a Mitsubishi, and was heavily shaved down. The officer testified that in his experience, the shaved key and/or the vise-grips and screwdriver could be used to start a stolen vehicle. After turning the vehicle off, however, the officer testified he was unable to restart it with the shaved Chrysler key.

**{5}** Defendant was indicted for receiving or transferring a stolen motor vehicle, contrary to NMSA 1978, Section 30-16D-4 (2009), and for possession of burglary tools, contrary to NMSA 1978, Section 30-16-5 (1963). A jury found Defendant guilty of both offenses. On appeal, Defendant challenges the sufficiency of the evidence supporting both convictions.

## DISCUSSION

### I. Standard of Review

**{6}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). It is the responsibility of the reviewing court to ensure that the jury's decisions are supported by evidence and by reasonable inferences from that evidence. *State v. Montoya*, 2021-NMCA-006, ¶ 12, 482 P.3d 1285. "A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or

established by the evidence." *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (alterations, internal quotation marks, and citation omitted).

**{7}** In reviewing for substantial evidence, we "view[] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Guerra*, 2012-NMSC-027, ¶ 10, 284 P.3d 1076 (internal quotation marks and citation omitted). When a challenge to the sufficiency of the evidence requires us to engage in statutory interpretation to determine whether the facts of a case are legally sufficient to sustain a conviction, we apply de novo review. *State v. Barragan*, 2001-NMCA-086, ¶ 24, 131 N.M. 281, 34 P.3d 1157, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

## II. Sufficient Evidence Supports the Jury's Inference That Defendant Knew the Vehicle Was Stolen

**{8}** Defendant argues the evidence was insufficient to convict him of receiving or transferring a stolen motor vehicle because the State failed to establish that Defendant knew or had reason to know the vehicle was stolen, an element of the offense. *See* § 30-16D-4(A). The State contends that Defendant's possession of recently stolen property, along with Defendant's actions when confronted by the officer, permitted the jury to reasonably infer Defendant knew the vehicle was stolen. We agree with the State.

**{9}** To convict Defendant of receiving or transferring a stolen motor vehicle, the jury was instructed, in relevant part, that the State must prove "[a]t the time [D]efendant had this vehicle in his possession he knew or had reason to know that this vehicle had been stolen or unlawfully taken[.]" *See* UJI 14-1652(3) NMRA; *see also State v. Garcia*, 2016-NMSC-034, ¶ 17, 384 P.3d 1076 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alteration, internal quotation marks, and citation omitted)). A defendant's knowledge that property is stolen may be circumstantially proved by a defendant's unexplained possession of that property. *State v. Sizemore*, 1993-NMCA-079, ¶ 6, 115 N.M. 753, 858 P.2d 420. We should not, however, infer a defendant's knowledge from mere possession without some basis in fact for the initial inference. *Id.*

**{10}** We conclude there is sufficient evidence in addition to possession to support the jury's inference that Defendant knew or should have known the vehicle was stolen. Defendant was pulled over for driving a vehicle that had been reported stolen two days prior. When the officer asked Defendant where he got the vehicle, Defendant replied that his friend lent it to him but could not remember his friend's name. Defendant also volunteered at the outset of his encounter with the officer that his girlfriend "doesn't know anything about anything." The vehicle, which was a Mitsubishi, was being operated by a shaved-down Chrysler key. Finally, Defendant admitted that he had exited the vehicle in a hurry because he noticed the officer and wanted to get away from

the vehicle. Taken together, these facts support a reasonable inference that Defendant knew the vehicle was stolen.

### III. Insufficient Evidence Supports Defendant's Conviction for Possession of Burglary Tools

**{11}**    Defendant argues the evidence was insufficient to support his conviction for possession of burglary tools on the ground that there is no evidence he used or intended to use the shaved Chrysler key or vise-grips and screwdriver to commit burglary. Based on this Court's decision in *State v. Ford*, 2019-NMCA-073, 453 P.3d 471, Defendant claims the State failed to offer any evidence of his intent to use the tools to commit an unauthorized entry. Defendant points out that there was no evidence from which a reasonable inference could be drawn that he possessed the tools prior to entering the vehicle, rather than finding them there; or that he used them to facilitate his unauthorized entry into the vehicle. In response, the State urges us to overturn our decision in *Ford* and construe the possession of burglary tools statute as encompassing not only tools used or intended to be used to facilitate unauthorized entry, but also tools used or intended to be used in the commission of a felony or a theft therein after the unauthorized entry. For the reasons discussed below, we disagree with the State and reaffirm our holding in *Ford*.

**{12}**    The possession of burglary tools statute states, "Possession of burglary tools consists of having in the person's possession a device or instrumentality designed or commonly used for the commission of burglary *and under circumstances evincing an intent to use the same in the commission of burglary.*" Section 30-16-5 (emphasis added). "Burglary" is defined as "the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." NMSA 1978, § 30-16-3 (1971). Importantly, "[t]he crime of burglary is complete when there is an unauthorized entry with the necessary intent; the intent does not have to be carried out after entry." *State v. Ramirez*, 2008-NMCA-165, ¶ 6, 145 N.M. 367, 198 P.3d 866 (internal quotation marks and citation omitted); *see also State v. Off. of Pub. Def. ex rel. Muqqddin*, 2012-NMSC-029, ¶¶ 41, 60, 285 P.3d 622 (stating that "the entry is the harm sought to be prevented, as the crime is complete upon entry with the requisite intent").

**{13}**    Consistent with Section 30-16-5, the jury was instructed that in order to convict Defendant of possession of burglary tools, it must find that:

1.    [D]efendant had in his possession a shaved/ jiggle key and/ or vise-grips secured to a broken flat head screwdriver;

2.    [The s]haved/ jiggle key and/or vise-grips secured to a broken flat head screwdriver are designed for or commonly used in the commission of a burglary;

3.      [D]efendant intended that the shaved/ jiggle key and/or vise-grips secured to a broken flat head screwdriver be used for the purpose of committing a burglary;

4.      This happened in New Mexico on or about the 14th day of March, 2018.

*See* UJI 14-1633 NMRA.

**{14}**   "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *Garcia*, 2016-NMSC-034, ¶ 17 (alteration, internal quotation marks, and citation omitted). As Defendant's challenge is limited to the third element, *see* UJI 14-1633(3), of the jury instruction—whether there was sufficient evidence to establish that Defendant intended to use the shaved key or vise-grips and screwdriver "for the purpose of committing a burglary"—we assume without deciding that the State's evidence was sufficient to allow a jury to conclude that the other elements of the jury instruction are met.

**{15}**   Turning to whether Defendant intended the shaved key and/ or vise-grips and screwdriver be used for the purpose of committing a burglary, we first address the State's argument that *Ford* was wrongly decided. In *Ford*, we clarified that "[b]ecause burglary is completed upon entry, it is at the moment of entry or prior to the moment of entry that the use or intended use of burglary tools matters. It therefore follows that burglary tools must be used, or intended to be used, to facilitate entry." 2019-NMCA-073, ¶ 14 (emphasis omitted). In the State's view, "[t]he use or intended use of a device or instrumentality to commit the intended further crime makes a device or instrumentality no less a 'burglary tool' than a device or instrumentality used or intended to be used to facilitate the unauthorized entry." We disagree.

**{16}**   *Ford* holds that a burglary tool is a tool used or intended to be used to facilitate an unauthorized entry. *Id.* Because burglary is complete upon a defendant's unauthorized entry with the requisite intent, only a tool used or intended to be used to gain that entry qualifies as a burglary tool. *Id.*; *see Muqqddin*, 2012-NMSC-029, ¶¶ 41, 60 (stating that "the entry is the harm sought to be prevented, as the crime is complete upon entry with the requisite intent"). "[E]ven though the completed crime of burglary is but a step taken toward another crime, it never merges with that completed crime." *Muqqddin*, 2012-NMSC-029, ¶ 62. Thus, for a tool to be used or intended to be used in the commission of a burglary, there must be evidence showing that it was used or was intended to be used to commit an unauthorized entry with the requisite intent to commit a felony therein. *Ford*, 2019-NMCA-073, ¶ 14.

**{17}**   The State argues that we should abandon our recent holding in *Ford*, but does so without discussing why this Court ought to disregard vital principles of stare decisis. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶¶ 33-34, 125 N.M. 721, 965 P.2d 305 (discussing the importance of stare decisis and the special justification necessary to

depart from prior precedent). For this reason, we decline to entertain the State's argument on this point and we instead apply *Ford* to this case.

**{18}** As was the case in *Ford*, where a screwdriver was found inside a vehicle, there is no evidence that Defendant possessed the shaved key and/or vise-grips and screwdriver prior to entering the vehicle, nor is there evidence that he used or intended to use those tools to facilitate entry into the vehicle. The officer did not question Defendant about the tools or where they came from, nor did the officer dust the tools for fingerprints. The vehicle showed no signs of forced entry, by way of the shaved key and/or vise-grips and screwdriver or otherwise. *Cf. State v. Jennings*, 1984-NMCA-051, ¶ 12, 102 N.M. 89, 691 P.2d 882 (holding that evidence of metallic banging, fresh marks which appear to have been made by a screwdriver, and a broken padlock was sufficient to support an inference that the defendant's screwdriver was used as a burglary tool). Nor was there evidence showing that Defendant had stolen the vehicle, or intended to steal it, only that he used it knowing that it had been stolen. Without any evidence that Defendant possessed the tools prior to entering the vehicle, or that Defendant used or intended to use the tools to enter the vehicle, we cannot infer that Defendant used or intended to use the shaved key and/or vise-grips and screwdriver in the commission of a burglary. *See State v. Ledbetter*, 2020-NMCA-046, ¶ 14, 472 P.3d 1287 ("While evidence of intent can be based on circumstantial evidence, we will not uphold a conviction based on mere speculation."); *see also Montoya*, 2021-NMCA-006, ¶ 29 (holding that the defendant's possession of a tool designed for the purpose of burglary was insufficient to establish proof of intent to actually use the tool in the committing a burglary); *Cf. State v. Hernandez*, 1993-NMCA-132, ¶¶ 2, 8, 116 N.M 562, 865 P.2d 1206 (finding evidence that the defendant bought the screwdriver at a shopping center immediately before he made an unauthorized entry into a car in the parking lot sufficient to convict of possession of burglary tools, even though the car was unlocked and the defendant did not actually use the screwdriver to enter the vehicle).

**{19}** We therefore reverse Defendant's conviction for possession of burglary tools.

**CONCLUSION**

**{20}** For the reasons stated above, we affirm Defendant's conviction for receiving or transferring a stolen motor vehicle and reverse Defendant's conviction for possession of burglary tools. We remand to the district court for further proceedings consistent with this opinion.

**{21}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**